# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SULYAMAN AL ISLAM WASALAAM,   )
                              )
          Plaintiff,          )
                              )
                              )    1:19CV1214
     v.                       )
                              )
ASHLEY WELLMAN, et al.        )
                              )
          Defendants.         )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 2) filed in conjunction with his pro se Complaint (Docket Entry 1). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2)(B) as frivolous, for failing to state a claim, and as barred by various immunity doctrines.

## LEGAL STANDARD

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th

Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954. The Supreme Court further has identified factually frivolous complaints as ones

involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted).

Although federal courts must give pro se filings "liberal[ ] constru[ction]," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]he liberal construction which [courts] are obliged to afford a pro se complaint is not without bounds," Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 F. App'x 278, 290 (4th Cir. 2013). "Admittedly, pro se complaints represent the work of an untutored hand requiring special judicial solicitude. Nevertheless, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. . . . [J]udges are not mind readers, and the principle of liberal construction does not require them to conjure up questions never presented to them . . . ." Id. at 290-91 (internal citations and quotation marks omitted).

As to the second ground for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

-3-

(2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal generally applies to situations in which doctrines established by the United States Constitution or at common law immunize government entities and/or government personnel from liability for damages. See, e.g., Pennhurst State

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing eleventh-amendment immunity of states and state officials); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy" (internal quotation marks omitted)).

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983," for "[i]nf[r]ingement and violation [of his] 4th, 5th, $6^{[th]}$, 13th, [and] 14th [amendment] constitutional rights" (Docket Entry 1 at 8),[2] Plaintiff initiated this action against five defendants: (1) "Ashley Wellman" ("ADA Wellman") (id. at 3), (2) "Attorney Gregory Thompson" ("Attorney Thompson") (id.), (3) "Office of Administrator" (id.), (4) "Court Recorder," ("Court Reporter Filter") (id.; see also id. at 1),[3] and (5) "Scotland County

---

[2] Citations to Docket Entry pages utilize the CM/ECF footer's pagination.

[3] Although the Complaint names and asserts claims against "Court Recorder" as a defendant (Docket Entry 1 at 1; see also id. at 3), it also refers to the "recorder" as "[Court Reporter] Filter" (id. at 6). Further, the "Supplement" includes a portion of a transcript from Plaintiff's referenced trial which identifies Court Reporter Filter as the "Official Court Reporter." (Docket Entry 3 at 3-12.) As such, for clarity purposes, this Opinion will address this defendant as "Court Reporter Filter."

-5-

District Attorney Office" (id. at 1). As its basis for claims under Section 1983, the Complaint alleges the following:

1) Plaintiff "was illegally detain[ed] 46 months [in the] Scotland County Detention Center" (id. at 4);

2) Plaintiff "has been hunted down as [an] ani[]mal by being trailed for [the] same charge already sentence[d] for in court Feb[ruary] 22nd, [20]19, . . ., yet no one after agreement [] would [] have property returned by [ADA] Wellman and Attorney Thompson" (id. (parenthesis omitted));

3) Plaintiff "fil[ed] for a civil forfeiture of [his] truck and all properties, which has not been done[,] only harras[s]ment and illegal stops [resulting in] tickets, after being out only 10 months" (id.; see also id. ("This request was acknowledged by [the] Clerk of Superior Court on . . . July 17, 2019")); and

4) "[t]he Office of Public Defender [and the District Attorney's Office] did use [Court Reporter Filter] to coer[c]e [Court Reporter Filter] to manipulate [the] outcome of a[n] ongoing hearing" (id. at 5).

According to the Complaint, Plaintiff has "tr[i]ed to ambical [sic] resolution[,] see civil forfeiture 1998 Silverod [sic] and content therein: 8,000: [Plaintiff's] property not being return[ed] after agreement . . .[,] 46 months for punitive damage[, and for] illegal[] detainment [Plaintiff] request[s] [$]40,000 per year." (Id. at 7.) The Complaint further states "that these are [sic] a

more aggressive approach if not [there will] continue to be corrupt officials in disguise as law enforcement in color their initives [sic][,] impose their on [sic] whims and impulse[s] while creating innue[n]dos [and] hyperbol[e] . . . ." (Id.)

Plaintiff also filed a "Supplement," which appears to present additional allegations, i.e., that he was "retri[e]d [in] Dec[ember] 2019," for a "driving" charge, constituting "double je[o]p[a]rdy," "misinprison [sic] felon," and "deliberate indifference." (Docket Entry 3 at 1.) Additionally, the Supplement includes references to "Federal Rules: 16-1-267," "18 U.S.C. Code 3599 44.1 pg." and "18 US Code § 3066A pg. 41." (Id.)[4] Next, the Supplement contains what Plaintiff describes as the correct version of the trial judge's statements and alleges that "Judge's orders failed, plus manufactor [sic] falsehoods by court reporter[.]" (Id. at 1-2.) In addition, the Supplement sets out information regarding a "1998 Silverode [sic] auctioned off September 13, 2015[,] only 5[] months after initial arrest, found not guilty of all charges[.] This civil forfeiture merchandise and

---

[4] Neither the Complaint nor the Supplement provide any reasoning for the inclusion of these citations; moreover, none of the referenced authorities appear to exist, with the exception of "18 U.S.C. Code 3599." (Docket Entry 3 at 1.) That statutory provision allows for the appointment of "[c]ounsel for financially unable defendants . . . in every criminal action in which a defendant is charged with a crime which may be punishable by death." 18 U.S.C. § 3599(a)(1). The Complaint and the Supplement do not indicate that Plaintiff faced criminal charges of that nature. (See generally Docket Entries 1, 3.)

-7-

value truck over 6,000 [] 2400 wholesale items stole while in truck plus value of truck $3400 . . . ." (Id. at 2.)  Finally, the Supplement provides a portion of the trial transcript which reflects "the jury return[ing] a unanimous verdict . . . [of g]uilty of driving while license revoked, impaired revocation" against Plaintiff.  (Id. at 5 (internal quotation marks omitted).)  That transcript excerpt also documents Plaintiff's sentencing and the parties' discussion regarding the return of his personal property.  (Id. at 6-12.)

## DISCUSSION

Presented in a conclusory and sometimes incoherent fashion, the Complaint's allegations apparently relate to Plaintiff's "challenge [to] an unjust legal system within the judicial administration of Scotland County."  (Docket Entry 1 at 6.)  The Court "cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff," Simon v. Shawnee Corr. Ctr., Civ. No. 13-521, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013) (unpublished) (emphasis in original).  However, liberal construction permits the conclusion that the Complaint seeks relief, pursuant to Section 1983, for Defendants' alleged "use [of] their office, trust, position, tit[]le [and] subversive acts to manipulate a[n] outcome . . ."  (Docket Entry 1 at 6); more specifically, Plaintiff seeks relief for events that occurred before, during, and after his trial and sentencing in Scotland

-8-

County Superior Court on February 22, 2019, including Defendants' alleged failure to return Plaintiff's personal property (see id. at 4-8; see also Docket Entry 3 at 1-12). Even liberally construed, however, Plaintiff's claims qualify as frivolous, fail as a matter of law, and/or run afoul of immunity doctrines.

## I. Failure to State a Claim

To state a claim for relief under Section 1983, Plaintiff must show "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[5]

### A. Conclusory Allegations

First, beyond naming it as a defendant, the Complaint does not even so much as mention the Office of Administrator. (See generally Docket Entry 1.) Therefore, to the extent the Complaint purports to state any Section 1983 claims against this defendant,

---

[5] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

-9-

the Court should dismiss them for lack of factual matter suggesting that the Office of Administrator violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Next, the Complaint falls short because it presents nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678. The Complaint simply alleges in a conclusory manner without any factual support that "[Plaintiff] was illegally detain[ed for] 46 months [in] Scotland County Detention Center," and that, "after filing for a civil forfeiture of [his] . . . properties," Plaintiff suffered "harras[s]ment[,] illegal stops[, and] tickets." (Docket Entry 1 at 4.) Additionally, the Complaint baldly asserts that "the Office of Public Defender [and the] Office of District Attorney did use [Court Reporter Filter] to coer[c]e [Court Reporter Filter] to manipulate [the] outcome of an on[]going hearing." (Id. at 5.)

As such, the Complaint's allegations fail to plausibly establish any viable claim. See Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and

-10-

ruling "legal conclusions" and "conclusory statements" insufficient).

### B. Improper Defendant - Scotland County District Attorney's Office

Additionally, the Scotland County District Attorney's Office, does not qualify as a "person" amenable to suit under Section 1983. As "Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity when it enacted [Section] 1983," Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp. 579, 585 (D.S.C. 1983), "a State is not a person within the meaning of § 1983," Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). The same conclusion applies "to States or governmental entities that are considered arms of the State for Eleventh Amendment purposes." Id. at 70 (internal quotation marks omitted). The Scotland County District Attorney's Office constitutes an arm of the State of North Carolina, see N.C. Gen. Stat. §§ 7A-60 ("The State shall be divided into prosecutorial districts . . . . There shall be a district attorney for each prosecutorial district . . . ."), 7A-61 (empowering district attorneys to "prosecute in a timely manner in the name of the State all criminal actions"), 7A-63 (providing for assistant district attorneys to aid district attorneys), 7A-65 (establishing compensation for district attorneys and assistant district attorneys). Therefore, to the extent the Complaint purports to assert any Section 1983 claims against

-11-

Scotland County District Attorney's Office, those claims fail as a matter of law.

### C. No State Action - Attorney Thompson

Further, the Complaint does not state a Section 1983 claim against Attorney Johnson, because such claims require "state action," Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980), and the Complaint does not establish that Attorney Johnson qualifies as a state actor (see Docket Entry 1 at 1-8). As discussed previously, the Complaint offers only conclusory allegations and fails to any specific factual matter regarding Attorney Johnson; moreover, the portion of trial transcript provided in the Supplement confirms that Attorney Johnson appeared "[o]n behalf of [Plaintiff]" in a criminal trial which underlies this action. (See Docket Entry 3 at 3-12.) The claims against Attorney Johnson therefore fail as a matter of law. See American Mfrs., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)).

To come within the reach of Section 1983, "the person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir.

2009) (brackets omitted). Although a private entity may satisfy that condition by performing functions "traditionally the exclusive prerogative of the State," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353 (1974), the Complaint lacks any indication that any actions of Attorney Johnson so qualify (see Docket Entry 1 at 1-8).

To the contrary, the actions attributed to Attorney Johnson fall outside the reach of Section 1983. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 324 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Kirk v. Curran, No. 3:09CV301-3, 2009 WL 2423971, at *1 (W.D.N.C. Aug. 4, 2009) (unpublished) ("[N]either public defenders nor private criminal attorneys are 'state actors' under [Section] 1983."), aff'd, 357 F. App'x 529 (4th Cir. 2009); O'Neal v. South Carolina, Civ. Action No. 9:08–587, 2008 WL 4960423, at *3 (D.S.C. Nov. 20, 2008) (unpublished) (concluding "that the actions of a criminal defense attorney . . . are not state action"), appeal dismissed, 328 F. App'x 283 (4th Cir. 2009); Pretty v. Campbell, No. 3:19CV24, 2019 WL 4720983, at *4 (E.D. Va. Sept. 26, 2019) (unpublished) (dismissing claims against public defender and public defender's office as "[p]rivate attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings").

## II. Immune Defendants

### A. ADA Wellman

In addition, the Complaint seeks damages from a state court prosecutor and, further, offers no factual allegations that would suggest that ADA Wellman acted outside of the judicial phase of the criminal prosecution. (See Docket Entry 1 at 4-8; see also Docket Entry 3 at 3-12.) Coordinately, the Supreme Court has held that "absolute immunity appl[ies] with full force" to a prosecutor's activities that remain "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Polidi v. Bannon, 226 F. Supp. 3d 615, 620-21 (E.D. Va. Dec. 28, 2016) ("Prosecutors are absolutely immune from suits for money damages for conduct in or connected with judicial proceedings."). As a result, the Court should dismiss any Section 1983 claims against ADA Wellman based on prosecutorial immunity.

### B. Court Reporter Filter

Likewise, quasi-judicial immunity shields Court Reporter Filter from Plaintiff's claims. Such immunity exists "due to the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Ward v. Plymale, Civ. Action No. 3:12-6186, 2013 WL 6164277, at *19 (S.D. W. Va. Nov. 25, 2013) (unpublished) (internal quotation marks omitted). This "immunity extends to those persons performing tasks

-14-

so integral or intertwined with the judicial process that these persons are considered to be figurative arms of the very commanding judge who is immune." Shelton v. Wallace, 886 F. Supp. 1365, 1371 (S.D. Ohio 1995); see also Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006) ("Absolute immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial function."). Accordingly, the Court should dismiss any Section 1983 claims against Court Reporter Filter.

## III. Frivolousness

As a final matter, to the extent the Court can discern any other claims, they plainly appear "fanciful, fantastic, and delusional," Denton, 504 U.S. at 33 (internal citations and quotation marks omitted). In that regard, the Complaint alleges the following:

> Country-city-town-state, faimly [sic] local jokers, town clowns, hate job, [Plaintiff], or maybe circle of friend influence, sororities, fraternity to misinform for any p[urp]ose is not acceptable to mislead, undermind [sic] a superior court judge is not enough now you are use [sic] Judge Wallace to play party to you all shenningans [sic] why because they just want to do there [sic] jobs, not around? This is to now misrepresent another, throw rock hind [sic] your hands; clear is [] a call insubordination - obstruction justice[,] Johnny Q Public[,] check - balance.

(Docket Entry 1 at 6.)

Therefore, even liberally construed, the Complaint presents "clearly fictitious factual claims," Stratton, 521 F. App'x at 289, best described as "bizarre and delusional," O'Brien v. United

-15-

States Dep't of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995), and "ris[ing] to the level of the irrational [and] the wholly incredible," Denton, 504 U.S. at 33.

## CONCLUSION

The Court should dismiss the Complaint under Section 1915(e)(2)(B) as frivolous, for failing to state a claim, and as barred by various immunity doctrines.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 2) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

           /s/ L. Patrick Auld
           **L. Patrick Auld**
      **United States Magistrate Judge**

June 30, 2020

-16-

Case 1:19-cv-01214-WO-LPA   Document 4   Filed 06/30/20   Page 16 of 16